UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:13CV-P1210-R

HENRY LIVINGSTON                                                                                   PLAINTIFF

v.

CLARK TAYLOR                                                                                        DEFENDANT

## MEMORANDUM OPINION

Plaintiff Henry Livingston, an inmate at the Kentucky State Reformatory, initiated this *pro se* action by filing an "emergency affidavit request for emergency injunction" (DN 1). The Court reviewed Plaintiff's allegations concerning violations of due process and found that they were not emergent. Because Plaintiff did not state whether he sought to file a civil rights complaint pursuant to 42 U.S.C. § 1983 or a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, the Court entered an Order on December 23, 2013, directing Plaintiff to re-file his action on either a 42 U.S.C. § 1983 or 28 U.S.C. § 2254 form within 30 days. The Order warned Plaintiff that failure to file his action on the appropriate form within 30 days may result in dismissal of the action. More than 30 days have passed, and Plaintiff has not complied with the Court's Order.

Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient

treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's failure to comply with the Court's Order shows a failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc: Plaintiff, *pro se*
4413.010